**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 16 2001

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLERK

JOSE JAIRO GUTIERREZ, *et al.*,

    Plaintiffs,

v.                                            CIV NO. 00-102DJS/RLP

SPECIALTY BRANDS, INC.,
FOODBRANDS AMERICA, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court upon Defendants' Motion for Partial Judgment on the Pleadings filed August 16, 2000 (Docket No. 20). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

This action is a suit for damages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, with pendant claims alleging breach of contract, violation of New Mexico wage payment and collection statutes, violation of New Mexico minimum wage and overtime laws, unjust enrichment, quantum meruit and conversion. Plaintiffs seek certification as a class on their Fair Labor Standards Act claim. By the instant motion, Defendants seek dismissal of the pendant claims brought by Plaintiffs regarding breach of contract, unjust enrichment, quantum meruit and



conversion.

Plaintiffs are employees of Defendants at a food manufacturing facility located in Albuquerque, New Mexico. The plant employs approximately two hundred workers and produces cooked and frozen food items for retail sale, including tacos, burritos, taquitos and enchiladas. Plaintiffs assert that they are entitled to compensation for time spent donning clothing and hairnets, washing and sanitizing their hands, and walking to their respective work places. They contend that they are required to perform those activities seven times per day and allege that Defendants dock time spent in those activities from its employees' time cards. Defendants argue that the activities pointed to by Plaintiffs are *de minimis* and, further, do not constitute "work" under the meaning of the Fair Labor Standards Act.

**STANDARD OF LAW**

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is governed by the same standards as a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir.1992). The Court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the Plaintiffs can prove no set of facts in support of the theory of recovery that would entitle them to relief, see Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. See Neitzke v. Williams, 490 U.S. 319, 326 (1989). The Court accepts as true all well-pleaded factual allegations in the complaint, as distinguished from conclusory allegations, see Maher, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the Plaintiffs. See Witt v. Roadway Express, 136 F.3d 1424, 1428 (10th Cir.1998). The issue in resolving the instant motion is not whether Plaintiffs

2

will ultimately prevail, but whether they are entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236, (1974) (overruled on other grounds).

In deciding a Rule 12(c) motion for judgment on the pleadings, the Court may generally not consider evidence outside the pleadings. Prager v. LaFaver, 180 F.3d 1185, 1188-89 (10th Cir.1999) (quoting GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997)). Documents referred to in Plaintiffs' complaint and central to their claim, however, are not considered "outside the pleadings." Id. While the Court is not required to consider such documents in rendering a decision, it may do so at its discretion. Id. at 1189.

## BREACH OF CONTRACT

Plaintiffs assert a claim for breach of contract, stating that Defendants altered time keeping records, thereby failing to pay them for all of the hours they worked and breaching its contract with them. Defendants attach a copy of the collective bargaining agreement between the union employees of their plant, which include Plaintiffs, and themselves. Defendants contend that the agreement is referred to in Plaintiffs' complaint in their breach of contract claim. However, a careful reading of the complaint reveals that Plaintiffs do not state the basis for their contract claim. Plaintiffs do not state whether the employment contract they refer to is based upon the collective bargaining agreement between Defendants and workers at its plants, an employment manual, or some policy of Defendants.

In response to Defendants' motion for judgment on the pleadings, Plaintiffs argue that it has not been established for the purposes of this suit whether an express contract exists. Plaintiffs further argue that even if an express contract does exist, there is a factual dispute whether the conduct they describe in their complaint is subject to the contract. Under New Mexico law, whether a contract of

3

employment can be implied depends on the "totality of the parties' relationship and surrounding circumstances," including the parties' words, conduct, and any policy manual. Newberry v. Allied Stores, Inc., 773 P.2d 1231, 1234-35 (N.M.1989). "[A] personnel manual gives rise to an implied contract if it controlled the employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlined." Id. at 1234. "[W]hether an employee handbook has modified the employment relationship is a question of fact...." Id. Plaintiffs do not plead that an implied contract exists, nor do they state any facts in the complaint which would give rise to a claim of implied contract under New Mexico law.

Given the allegations in the complaint, Plaintiffs only state a claim of breach of express contract. Plaintiffs do not assert any source for their contract claim apart from the collective bargaining agreement, assuming such a source exists. Cf. Garley v. Sandia Corp., 236 F.3d 1200, 1210 (10th Cir. 2001) (Contract claim made on the basis of company's policies preempted by §301 of the Labor Management Relations Act, 29 U.S.C. §185(a) because the policies must be read in harmony with the parties' collective bargaining agreement). Rather, they question whether a valid contract exists. If no valid contract exists, then the breach of contract claim must fail. If a valid contract exists, then the collective bargaining agreement mandates arbitration between the parties. In either case, Plaintiffs' breach of contract claim cannot succeed.

### STATE STATUTORY CLAIMS

Plaintiffs assert that Defendants have violated New Mexico statutes by failing to pay them wages for work at the time the work was performed or thereafter. Plaintiffs also contend that by altering time records, Defendants have failed to pay them for work performed and thus violated state minimum wage and overtime laws. Plaintiffs do not provide citations to the laws they allege have

4

been violated in the complaint. However, Defendants do not address these claims in the instant motion.

### UNJUST ENRICHMENT and QUANTUM MERUIT

Plaintiffs contend that they have provided a benefit to Defendants in the form of work performed but have not been compensated for that work. They further assert that Defendants have been unjustly enriched by retaining the benefits of Plaintiffs' work without compensating them. Plaintiffs also assert that they are entitled to compensation for their work pursuant to the doctrine of *quantum meruit*. Defendants argue that these claims must be dismissed because such claims may only arise where no express contract exists, citing Powers v. Miller, 984 P.2d 177 (N.M. Ct.App. 1999), and Sundance Mechanical & Utility Corp. v. Atlas, 880 P.2d 861 (N.M. 1994).[1] In response, Plaintiffs argue that they are entitled to proceed under alternative theories of breach of contract or unjust enrichment and *quantum meruit*. Defendants reply that the claims are legally insupportable under the facts alleged in the complaint.

To the extent that Defendants argue that Plaintiffs must plead either a breach of contract or quasi-contract claims, they are incorrect. Plaintiff may pursue claims for unjust enrichment and *quantum meruit* in the face of an express contract. See State of New Mexico ex rel. Gary v. Fireman's Fund Indemnity Company, 355 P.2d 291 (N.M. 1960) (". . . recovery should be allowed on *quantum meruit* even though the suit was originally framed on express contract . . ."); Reynolds v. Slaughter, 541 F.2d 254, 255-56 (10th Cir. 1976) (Citing Gary regarding procedural nature of doctrine of election of remedies). Further, although Plaintiffs' complaint stretches the concept of

---

[1] The Court is unable to extract such a proposition from the holding of these cases.

5

"notice pleading" to its farthest possible extent, the Court cannot say that the theories of either *quantum meruit* or unjust enrichment are insupportable under the few facts alleged. Consequently, Defendant's Motion for Partial Judgment on the Pleadings will be denied with regard to these claims.

**CONVERSION**

Pursuant to New Mexico law, conversion consists of the receipt or taking possession of personal property of another to the exclusion or in defiance of the owner's rights, unauthorized or injurious use of such property, or the wrongful retention of such property following a demand for its return. Nosker v. Trinity Land Co., 757 P.2d 803, 807-08 (N.M. Ct.App.1988). In the complaint, Plaintiffs assert that Defendants never paid them for some of the wages that they were due. Complaint, p. 11, ¶50. They further assert that Defendants have remained in possession of property, specifically wages, that are owned by them. Id. at ¶60. Plaintiffs contend that they have thus been denied the possession and use of their property. Id. at ¶62.[2]

Defendants argue that conversion only applies to suit for the recovery of personal property and that the doctrine does not apply to a claim for the return of money. Plaintiffs argue that money can be the subject of an action for conversion, citing Ferguson v. Coronado Oil Co., 884 P.2d 971 (Wyo. 1994). Defendants distinguish Ferguson on the basis that the case involved a failure to pay a royalty owner for its portion of oil and gas that was produced and sold from a well. They note that

---

[2]Plaintiffs do not allege that the conversion occurred as a result of the wrongful taking of funds, but rather contend that their wages were wrongfully retained. Under such circumstances, demand for return of the property (assuming wages are personal property) and refusal of the demand are essential elements of the conversion claim. Mayfield Smithson Enterprises v. Com-Quip, 896 P.2d 1156, 1161 (N.M. 1995). Plaintiffs must have made a demand for their property prior to the filing of the complaint. Id. Because they do not assert that they have ever demanded return of their wrongfully retained wages, Plaintiffs' conversion claim is inadequate as a matter of law on the basis of the allegations in the complaint.

6

the Wyoming Supreme Court in Ferguson determined that the proceeds from the sale constituted a specific fund which was sufficiently identifiable to be subject to an action for conversion. Ferguson, 884 P.2d at 978. This Court agrees.

Plaintiff fails to state a claim for conversion. They have not shown that the wages they allege are due them have ever been subject to their ownership. Further, those wages are not funds representing an interest in personal property, but rather value due from a service provided. The theory of conversion does not stretch to provide an avenue for recovery under these circumstances. Consequently, Defendants' motion will be granted with regard to this claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings is granted in part. Plaintiffs' first cause of action, for breach of contract, and their sixth cause of action, for conversion, are dismissed. In all other respects the motion is denied.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**