UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSE JAIRO GUTIERREZ,** *et al.*,

    Plaintiffs,

    v.          **CIV NO. 00-102DJS/RLP**

**SPECIALTY BRANDS, INC.,**
**FOODBRANDS AMERICA, INC.**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court upon Plaintiff's Motion for Partial Summary Judgment filed October 25, 2000 (Docket No. 27) and Defendants' Cross-Motion for Summary Judgment filed November 13, 2000 (Docket No. 31). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

This action is a suit for damages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, with pendant claims alleging breach of contract, violation of New Mexico wage payment and collection statutes, violation of New Mexico minimum wage and overtime laws, unjust enrichment, quantum meruit and conversion. Plaintiffs seek certification as a class on their Fair Labor Standards Act claim.

1

Plaintiffs are employees of Defendants at a food manufacturing facility located in Albuquerque, New Mexico. The plant employs approximately two hundred workers and produces cooked and frozen food items for retail sale, including tacos, burritos, taquitos and enchiladas. Plaintiffs assert that they are entitled to compensation for time spent donning clothing and hairnets, washing and sanitizing their hands, and walking to their respective work places. They contend that they are required to perform those activities seven times per day and allege that Defendants dock time spent in those activities from its employees' time cards. Defendants argue that the activities pointed to by Plaintiffs are *de minimis* and, further, do not constitute "work" under the meaning of the Fair Labor Standards Act.

**STANDARD OF LAW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

In Reich v. IBP, Inc., 38 F.3d 1123, 1125-26 (10th Cir. 1994), the Tenth Circuit Court of Appeals found that donning of safety equipment consisting of safety glasses, a pair of earplugs, a hardhat, safety shoes and sanitary outer garments did not constitute "work" within the meaning of the FLSA. In contrast, in Reich v. Monfort, Inc., 144 F.3d 1329, 1332-33 (10th Cir. 1998) another panel of the Tenth Circuit Court of Appeals concluded that approximately ten minutes per day spent by workers donning safety and sanitary clothing including but not limited to hard hats, earplugs, hairnets, cotton frocks, arm guards, mesh gloves, gaiters, and safety glasses was not *de minimis* under the FLSA. Defendant and Plaintiff each argue that the cases support their respective positions that judgment should be granted in their favor with regard to the FLSA claim.

Neither case is precisely on point. In Monfort, the parties agreed that the time spent on preliminary and postliminary activities was compensable, unless it fell within the *de minimis* exception to the FLSA. Monfort, 144 F.3d at 1333. The question of whether Plaintiff's activities in this case constitute "work" and are thus compensable is the central issue presented by the cross-motions for summary judgment presented in this case. In IBP, the court focused on whether the activities at issue created measurable additional working time. IBP, 38 F.3d at 1126. The Tenth Circuit Court of Appeals found that putting on safety glasses, a hard hat, and earplugs required only a few seconds but noted that as few as ten minutes of working time triggers the FLSA. Id. In this case, the parties dispute the exact amount of time required for Plaintiff's to sanitize their hands and don their protective clothing; however, the time at issue ranges from a few to as many as twenty minutes a day.

Work is physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer. Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944). Defendant requires Plaintiffs

3

to wear the smocks, hairnets, and earplugs. It also requires them to wash and sanitize their hands. The deposition of Don Ephgrave, Defendant's assistant plant manager, shows that Plaintiffs are required to validate their time card and perform the above described activities prior to going to the production line. Plaintiffs' Motion for Summary Judgment, Exhibit 1, Defendant's Cross-Motion for Summary Judgment, Exhibit M. Plaintiff's pay is based upon their time on the production line. Id. Consequently, while the activities at issue here fall within the definition of "work" under the FLSA, the question before the Court is whether the time spend donning the protective gear is so short that it falls back outside the definition under the holding of IBP. The cross motions for summary judgment present a factual dispute on that issue. In their reply in support of their motion for summary judgment, Defendants assert that Plaintiffs have not presented the Court with a sufficient record to determine the actual amount of time spent on the activities in question. Defendants' Reply in Support of Summary Judgment (Docket No. 35), p. 3 n. 3. Because of the factual dispute regarding the amount of time Plaintiffs spend donning protective clothing and sanitizing their hands, the Court cannot grant summary judgment in favor of either side because it cannot determine whether the activities at issue constitute "work" under the FLSA. Even if they do constitute work, the activities may be *de minimis* under the terms of the statute.

Defendants contend that the three Plaintiffs, Maria Vargas, Javier Aguirre, and Larry Ramos, who failed to appear at their depositions should be dismissed. In response, Plaintiffs' counsel states that he has made contact with these individuals and that they have expressed "little willingness" to continue their case. Plaintiffs' counsel further states that they would likely dismiss their claims against Defendants. However, no motion to dismiss or stipulation of dismissal has been filed. Pursuant to Fed.R.Civ.P. 37(d), this Court is required to assess attorneys' fees against those Plaintiffs unless they

4

can show that their failure to appear was substantially justified. In addition, the Court has discretion to prohibit Plaintiffs from supporting their claims with their own testimony or may dismiss their portions of this action. Under the circumstances presented by this case, the Court will grant Defendants' request and dismiss Maria Vargas, Javier Aguirre, and Larry Ramos from this action. Given the severity of that sanction, if it is viewed as such, Defendants' attorneys' fees incurred in preparing for and attending the deposition dates will not be assessed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment is denied and Defendants' Cross-Motion for Summary Judgment is granted in part. The claims of Maria Vargas, Javier Aguirre, and Larry Ramos are hereby dismissed. In all other respects, both motions are denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**