# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JOSE JAIRO GUTIERREZ,** *et al.*,

    Plaintiffs,

    v.                                                           CIV NO. 00-102DJS/RLP

**SPECIALTY BRANDS, INC.,**
**FOODBRANDS AMERICA, INC.**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court upon Defendants' Motion for Summary Judgment filed October 21, 2001 (Docket No. 55). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

This action is a suit for damages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, with pendant claims alleging violation of New Mexico wage payment and collection statutes, violation of New Mexico minimum wage and overtime laws, unjust enrichment and quantum meruit. Plaintiffs seek certification as a class on their Fair Labor Standards Act claim.

Plaintiffs are employees of Defendants at a food manufacturing facility located in Albuquerque, New Mexico. The plant employs approximately two hundred workers and produces

cooked and frozen food items for retail sale, including tacos, burritos, taquitos and enchiladas. Plaintiffs assert that they are entitled to compensation for time spent donning clothing and hairnets, washing and sanitizing their hands, and walking to their respective work places. The activities take place after Plaintiffs have punched it at the time clock but before they report to the production line. They contend that they are required to perform those activities numerous times each day and allege that Defendants dock time spent in those activities from its employees' time cards. Defendants argue that the activities pointed to by Plaintiffs are *de minimis* and, further, do not constitute "work" under the meaning of the Fair Labor Standards Act. By the instant motion, Defendants contend that the activities at issue are lawfully excluded from compensable working time pursuant to 29 U.S.C. §203(o) because they consist of a custom or practice under the parties' collective bargaining agreement.

**STANDARD OF LAW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in

2

opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

**DISCUSSION**

29 U.S.C. §203(o) provides that

"In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee."

If the parties to a collective bargaining agreement negotiate over an issue and have an understanding that resolves it, a "practice" exists for the purposes of §203(o) even in the absence of express written terms in the agreement. Arcadi v. Nestle Food Corp., 38 F.3d 672, 675 (2d Cir. 1994).

The parties agree that Defendant Specialty Brands and UFCW Local No. 1654 entered into a collective bargaining agreement with a term of December 1, 1997 to November 30, 2000. The Union represents the Plaintiffs in this case as well as other employees of Specialty Brands' Albuquerque facility. Further, that agreement was the first such between the Union and Defendants. A second collective bargaining agreement was entered into between the Union and Specialty Brands which runs from January 28, 2001 to January, 2005. Compensation for preliminary and postliminary activities such as those at issue in this lawsuit was raised during the negotiation of the first collective bargaining agreement. This suit was filed during the pendency of that agreement and the issue of compensation for preliminary and postliminary activities was not raised when the current collective bargaining agreement was negotiated.

The basis of the instant motion for judgment in Defendants' favor is their contention that the practice of excluding from compensable work hours the periods of time when Plaintiffs put on and

take off protective clothing and sanitize their hands has been established as a custom under the collective bargaining agreements between Defendants and the Union. Defendants assert that Plaintiffs had not been compensated for such periods before the first collective bargaining agreement, that the Union brought up and negotiated for compensation for those periods when the parties were developing the first collective bargaining agreement, and that the Union did not seek such compensation for its members during negotiations on the second collective bargaining agreement. Defendants contend that those actions constitute acquiescence in the established custom or practice of not compensating Plaintiffs for preliminary and postliminary activities. They further argue that, as a consequence, compensation for those activities falls within the exception embodied in §203(o) and that Plaintiffs' FLSA claim must be dismissed.

Plaintiffs argue that a material question of fact exists regarding whether Defendants have established that a custom or practice exists regarding compensation for preliminary and postliminary activities under the collective bargaining agreements. Plaintiffs contend that Defendants do not describe a long-standing practice that can establish a recognized custom between the parties within the meaning of the statute. They assert that Defendants' refusal to negotiate the issue of compensation for preliminary and postliminary activities required them to resort to litigation. As a consequence, Plaintiffs contend that there is also a dispute of material fact regarding the issue of the Union's acquiescence to the practice.

The Court agrees with Defendants that a practice of excluding preliminary and postliminary activities from compensable work has been established within the meaning of 29 U.S.C. §203(o). The Union to which Plaintiffs belong raised the issue of compensation for those activities during the course of negotiations of the collective bargaining agreement which was in effect when this action

was filed. Per the affidavit of Henry Ares, Vice President of Human Resources at Specialty Brands, Inc., Defendants have not considered preliminary and postliminary activities compensable work since the inception of their Albuquerque plant. Plaintiffs offer no facts in contravention of this assertion As noted by Judge Waldman in Turner v. City of Philadelphia, 96 F.Supp.2d 460, 461 (E.D. Pa. 1990) aff'd 262 F.3d 2222 (3d. Cir. 2001), "Neither the FLSA nor its implementing regulations define the terms 'custom' and 'practice'. The term 'custom' suggests an 'ongoing understanding with some continuity,' or 'an ongoing, even if recent, course of conduct' Arcadi v. Nestle Food Corp., 38 F.3d 672, 675 (2d Cir. 1994). A 'practice' can also include understandings by the parties about future conduct. Id." The situation in Turner involved a practice of no compensation for change time which had been in place for thirty years. Id. However, other cases cited in that decision found a custom and practice established in four or five years. Hoover v. Wyandotte Chemicals Corp., 455 F.2d 387, 388 (5th Cir.) cert. denied 409 U.S. 847 (1972); Saunders v. John Morrell & Co., 1991 WL 529542 at 4 (N.D. Iowa, Dec. 24, 1991)(unpublished disposition).

The undisputed facts reveal a consistent practice of not compensating Plaintiffs for preliminary and postliminary activities. The Union sought compensation for such activities, but was unable to obtain it. The Union concluded that the only remedy available to it was to litigate under the FLSA. However, that conclusion ignores the alternative option of refusing to ratify any agreement which did not include compensation for such activities. The question of whether a right exists to have the time included within "hours worked" under the FLSA is irrelevant to the question of whether a custom or practice of non-compensation for such activities exists within the meaning of §203(o). Turner v. City of Philadelphia, 262 F.3d 222, 227 (3d Cir. 2001).

Alternatively, Plaintiffs argue that the activities performed by them: donning cotton smocks,

hairnets, and earplugs and washing and disinfecting their hands; does not constitute "changing clothes" within the meaning of §203(o). Plaintiffs characterize the activities as putting on and wearing protective gear and rely upon M.H Fox v. Tyson Foods, Inc., No. CV-99TMP-1612-M, U.S. Dist. (N.D.Ala., Feb. 14, 2001) in support of that proposition. That authority consists of the report and recommendation of a Federal Magistrate Judge regarding the question of whether donning protective devices and clothing falls within the definition in the statute. This Court is unpersuaded by the argument or the proffered authority. Plaintiffs have not even shown that Magistrate Judge Putnam's Report and Recommendation was adopted by the District Judge deciding the case. See Fed.R.Civ.P. 72(b). Consequently, the report may not have decided the issue even within that litigation. Further, although inserting earplugs does not come within the common description of "changing clothes", putting on and taking off a smock, hairnet and rubber boots does. The Court will not subdivide the preliminary and postliminary activities but is confident that the act of inserting earplugs, taken alone, is *de minimis*. The other activities which Plaintiffs engage in generally fall within the common meaning of "changing clothes" and washing and so fall within the exception contained in 29 U.S.C. §203(o).

Generally, when federal claims are eliminated from a complaint, the federal court should decline the exercise of jurisdiction by dismissing the complaint without prejudice. United Mine Workers v. Gibbs, 383 U. S. 715, 726-727 (1966). Plaintiffs sole federal claim is based upon the Fair Labor Standards Act and will be dismissed. Consequently, Plaintiffs' pendant claims alleging violation of New Mexico wage payment and collection statutes, violation of New Mexico minimum wage and overtime laws, unjust enrichment and quantum meruit will also be dismissed, but that dismissal will be entered without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is granted and Plaintiffs' claim brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, is hereby dismissed with prejudice. The remainder of the existing claims in the complaint are dismissed without prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**